IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANNATECH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-0813-P |
| | § | |
| K.Y.C. INC. d/b/a | § | |
| TECHMEDICA HEALTH INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant's Motion to Transfer Venue, filed June 6, 2006. Plaintiff

filed a response June 26, 2006, and Defendant replied July 14, 2006. For the reasons below, the

Court hereby DENIES Defendant's Motion to Transfer Venue.

## I. BACKGROUND

On August 16, 2005, the United States Patent & Trademark Office issued United States

Patent number 6,929,807 (hereinafter "the 807 patent") entitled "Compositions of Plant

Carbohydrates as Dietary Supplements." (Pl.'s Resp. Br. 3 at 7.) Plaintiff Mannatech, Inc.

(hereinafter "Mannatech") is the owner of all rights, title, and interest of the 807 patent, including

all rights to recover for any and all past infringement thereof. (Pl.'s Resp. Br. at 8.) Defendant

K.Y.C. Inc. d/b/a Techmedica Health, Inc. (hereinafter "Techmedica") sells several dietary

supplement compositions, including a line of supplements marketed under the name of "Nutratose,"

which it sells to customers and third parties, who then use or resell the Nutratose products. (Pl.'s

Resp. Br. at 9.) Mannatech accuses Techmedica of making statements in the course of marketing

the Nutratose products that "misrepresents the nature, characteristics, or qualities of Mannatech's

products." (Pl.'s Resp. Br. 3 at 10.)

As a result, Mannatech filed suit against Techmedica on May 5, 2006, claiming patent

infringement, unfair competition, business disparagement, and tortious interference with prospective

and existing business relations. All the claims arise from  Techmedica's sales and advertising of

Nutratose, a dietary supplement which Techmedica advertises prominently on its website. As

Plaintiff's principal place of business is in Coppell, Texas, the suit was filed in the Northern District

of Texas and each claim is made pursuant to the laws of the State of the Texas. Defendant's

headquarters, however, are located in Grand Rapids, Michigan. Techmedica claims that to date it

has only sold thirteen bottles of Nutratose to internet customers in the Northern District of Texas for

a total sales amount of $920.75 and 85 bottles to distributors and retailers in the Northern District

of Texas for total sales of approximately $1,530. (Def.'s Mot. 2.) As such, Defendant now moves

for transfer to the Western District of Michigan.

## II. ANALYSIS

### A. Legal Standard

A transfer of venue is proper under 28 U.S.C. § 1404(a) "where it is convenient for the

parties and the witnesses, and where the interests of justice so require." *Casarez v. Burlington

Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999) (citing 28 U.S.C.A. § 1404(a)). It is

within the sound discretion of the district court to transfer a case. *The Whistler Group, Inc. v. PNI

Corp.*, No. 3:03-CV-1536-G, 2003 WL 22939214, at *2 (N.D. Tex. Dec. 5, 2003). The first issue

the district court must address is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Defendant passes the threshold requirement, as the Western District of Michigan would be a proper venue for the case given that the Defendant's principal place of business is located in Grand Rapids, Michigan. *See* 28 U.S.C.A. § 1391(b); 29 U.S.C.A. § 1132(e)(2).

The Court must then balance all relevant factors to determine whether the litigation would be more conveniently held in a different forum and whether the interests of justice would be better served by a transfer. *The Whistler Group*, 2003 WL 22939214, at *2. "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d at 203. "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981)). "The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co.,* 454 U.S. at 241 n.6.).

The burden rests on the defendant to prove by a preponderance of the evidence that a plaintiff's choice of forum should be disturbed and transfer is appropriate based on a balancing of relevant factors. *Ibew-Neca S.W. Health & Benefit Fund v. Gurule*, No. 3:03-CV-0092-L, 2003 U.S.

Dist. LEXIS 8652, at *9 (N.D. Tex. May 22, 2003). Here, unless the balance of factors strongly

favors the Techmedica, Mannatech's choice of forum remains intact. *TIG Ins. Co. v. NAFCO Ins.*

*Co.*, 177 F. Supp. 2d 561, 568 (N.D. Tex. 2001).

## B. Consideration of private factors

Mannatech claims that the threshold issue of the case will come down to the enforceability

and validity of the 807 patent. All information involving this patent is located in the Northern

District of Texas, as are the potential witnesses who could be called to testify. In addition, the

inventors of the patented technology largely reside in this district.

Techmedica claims that since their marketing practices are being called into question, the

Western District of Michigan is the "center of gravity of the accused activity" and is therefore the

"preferred forum." *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538, 2003 WL

21251684 at * (N.D. Tex. May 23, 2003).[1] It has been held that "the trier of fact ought to be as close

as possible to the milieu of the infringing device and the hub of activity centered around its

production." *Id*. Furthermore, the accused's principal place of business is "often the critical and

controlling consideration in adjudicating a motion to transfer venue." *Id*.

In this case, Techmedica's advertising and the validity of that advertising are central to the

controversy, but so is the 807 patent. Given that the inventors of said patent, and those who work

with the products derived from that patent are located in the Northern District of Texas,

Techmedica's arguments for requesting a transfer do not outweigh Mannatech's arguments.

---

[1] It is important to distinguish the instant case from *Minka Lighting*. In that case, both parties to the suit held their principal places of business in California, the site of the proposed transferee venue. In the this case, Mannatech has its principal place of business in the Northern District of Texas.

Techmedia does not satisfy its burden to show by a preponderance of the evidence that Plaintiff's choice of forum should be disturbed. *Ibew-Neca S.W. Health & Benefit Fund*, 2003 U.S. Dist. LEXIS 8652, at *9.

The availability and convenience of witnesses has been held to be the most significant factor in deciding a § 1404(a) motion to transfer. *See Busch v. Robertson*, No. 3:05-CV-2043-L, 2006 WL 1222031, at *5 (N.D. Tex. May 5, 2006). In the briefs submitted to this Court, both sides present valid reasons why it would be inconvenient and expensive to bring witnesses to either the Northern District of Texas or the Western District of Michigan. Each party would stand to suffer hardship because of the expense of travel and lodging, the absence of key personnel from each place of business, and the lack of guarantee of being capable of compelling witnesses to travel. Techmedica goes to great lengths to describe themselves as a start-up company that will suffer greater inconvenience than the more established Mannatech. But despite Defendant's persuasive arguments, a decision to transfer venue must not simply "shift the expense and inconvenience from one party to the other." *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 (N.D. Tex. 1987). In sum, the private factors do not heavily favor transfer to the Western District of Michigan.

## C. Consideration of public factors

Defendant argues—and provides proof—that the court docket is less congested in the Western District of Michigan, as the courts there take on an average of 20 fewer cases each year. While this is true, the 20 cases per year in light of 366 pending cases is negligible at best. Therefore, while Techmedica makes a valid argument as to the lesser number of cases flowing through the Western District of Michigan, that statistic does not persuade the Court that transfer is in order.

There is an interest in trying an action where the alleged wrong or injury occurred. *Busch*, 2006 WL 1222031, at *6. Techmedica claims that the actual injury occurred at its Michigan headquarters, because that is where its marketing—including its internet advertisements—is based. However, equally important to this case will be evidence presented by Mannatech involving the 807 patent. Since Techmedica's marketing did reach Texas via the internet, and Techmedica did sell and distribute its product in this district, the Northern District of Texas has a valid interest in trying this case here. It has been recognized that the "State of Texas has an interest in protecting its citizens from the 'tortious conduct of nonresidents aimed at its own residents.'" *Busch*, 2006 WL 1222031, at *6 (quoting *Optimum Return LLC v. Cyberkatz Consulting, Inc.,* No. 3:03-CV-1064-D, 2004 WL 827835, at *3 (N.D.Tex. March 26, 2004)). In this instance, Mannatech is a Texas corporation; therefore, there is good reason in keeping the litigation involving these parties here.

Since Plaintiff is also invoking both federal and Texas laws in this suit, it is also fitting that the litigation be held in this district, because this Court is familiar with Texas law. In keeping the litigation in Texas, the court in the Western District of Michigan will avoid the conflict of law problems that would arise in trying to apply Texas laws to this case.

### III. CONCLUSION

Many of the considered factors in this case favor the Defendant as much as they do the Plaintiff. However, in determining whether it is in the best interest of the parties and the court to transfer, the Court must not disturb Plaintiff's choice of forum unless the balance of factors strongly favors the moving party. *TIG Ins. Co.*, 177 F. Supp. 2d at 568. In this case, Defendant has failed to carry its burden to show that the convenience of the potential witnesses and the interests of justice

will be better served by moving this case to the Western District of Michigan. *Casarez,* 193 F.3d

at 339.

For the reasons stated above, the Court hereby DENIES Defendant's Motion to Transfer

Venue.

**It is so ordered.**

Signed this 3rd day of August 2006.


_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE